LOTTINGER, Judge.
This is a suit for divorce based on adultery and for child custody. The trial court granted a divorce to the husband-plaintiff, Drew Gustave Schmidt, and awarded the husband custody of 11- and 9-year-old daughters born of the marriage.
From this judgment, the defendant-wife, Judith Elaine Schmidt, appeals. She alleges the trial court erred in admitting evidence pertaining to specific acts of adultery when there was no specific act of adultery alleged in the petition; in finding that the plaintiff was entitled to a divorce based on adultery; and in finding that the plaintiff-husband was entitled to the permanent care and custody of the two minors born of the marriage.
The appellant correctly points out that the plaintiff’s petition does not allege specific acts of adultery. However, the petition contains general allegations of acts of adultery and the defendant filed no exception of vagueness to have the allegations specifically elucidated. See La.C.C.P. art. 926. Additionally, there was no objection at trial to the introduction of evidence concerning the specific acts of adultery. Given this set of circumstances, we find the trial court correctly admitted the evidence regarding the specific acts of adultery. There is no merit to the defendant’s specification of error in this regard.
We find additionally that the preponderance of the evidence shows that Mrs. Schmidt committed a number of acts of adultery after her physical separation with Mr. Schmidt. She admitted that she slept with one Brandon Babin on a number of occasions, and that the only reason she required Mr. Babin to move out of her apartment shortly before the custody hearing was that his moving out might help her obtain custody of the two children. The admissions of Mrs. Schmidt, along with the reports of two private investigators, show by a preponderance of the evidence that an adulterous relationship took place. There is no error in the trial court’s finding in this regard.
When Mrs. Schmidt moved from the matrimonial domicile in June of 1979, the two daughters remained in the home with Mr. Schmidt and continued attending the school they had attended prior to the separation. The trial judge spoke to the two children, viewed the witnesses on the stand and made a determination that the best interests of the children would be served by continuing their custody with the father. La.C.C. art. 157. He allowed the mother liberal and reasonable visitation privileges. In custody matters, the trial court’s judgment is entitled to great weight. It will be disturbed only in cases where he has clearly abused his discretion. We are convinced that the trial court correctly decided the custody issue and did not abuse his discretion.
Therefore, for the above and foregoing reasons, the decision of the trial court is affirmed. The defendant-appellant will pay the costs of this appeal.
AFFIRMED.