444 So.2d 658 (1983)
Hercilda GALEANO
v.
Hector J. GALEANO.
No. 83 CA 0562.
Court of Appeal of Louisiana, First Circuit.
December 22, 1983.
Writ Denied February 27, 1984.
*659 Richard J. Brazan, Baton Rouge, for plaintiff-appellee Hercilda Galeano.
James D. Thomas, II, Baton Rouge, for defendant-appellant Hector J. Galeano.
Before LOTTINGER, EDWARDS and ALFORD, JJ.
ALFORD, Judge.
This is an appeal from a judgment of the Family Court, Parish of East Baton Rouge, decreeing a separation from bed and board and granting sole custody of the minor child, Mildred Galeano, to the mother, Hercilda Galeano. Appellant, Hector Galeano, appeals from the custody award alleging the trial judge erred in not granting joint custody.
The trial judge concluded that serious allegations of improper sexual conduct on the part of Mr. Galeano, directed towards an older child of the marriage, sufficiently rebutted the presumption that joint custody was in the best interest of Mildred. The allegations made by this older child and corraborated by Mrs. Galeano involve conduct allegedly beginning when Mildred's sister was approximately Mildred's age. Although appellant presented testimony in an attempt to rebut these allegations, the trial judge obviously believed that serious improprieties had taken place.
LSA C.C. art. 146 was substantially amended by Acts 1982, No. 307, § 1, which became effective January 1, 1983. The amendment to this article reflects that when both parents are seeking provisional custody of a child of the marriage, the preferential alternative is joint custody if it is in the best interest of the child. Additionally, the amendment establishes that the burden of proof in showing that joint custody is not in the best interest of the child is on the parent seeking sole custody. The article now goes so far as to provide that there is a rebuttable presumption that joint custody is in the child's best interest. This presumption can be rebutted, however, by a finding of the court that joint custody is not in the best interest of the child.
It is apparent to this court that the legislature has not sought to change the best interest of the child standard by which custody proceedings have long been judged. Additionally, the trial judge's discretion in custody matters are entitled to great weight and should not be disturbed on appeal unless a clear abuse is shown. Schmidt v. Schmidt, 393 So.2d 381 (La. App. 1st Cir.1980). We find no such abuse.
Appellant maintains that the trial judge erred in giving great weight to the testimony of Mildred's sister. It is appellant's contention that the testimony presented on his behalf clearly rebutted the girl's testimony. The trial judge, who was in the best position to judge credibility, specifically noted in his reasons for judgment that he found it very difficult to believe that this young woman was so cunning as to fabricate such a story over a span of some eight years. We agree.
Therefore, for the foregoing reasons, the judgment of the trial court is affirmed and appellant is cast with costs of this appeal.
AFFIRMED.