515 So.2d 663 (1987)
HUB DETECTIVES, INC., Plaintiff-Appellee,
v.
Robert D. MARTINEZ, Defendant-Appellant.
No. 86-1009.
Court of Appeal of Louisiana, Third Circuit.
November 4, 1987.
Rehearing Denied December 9, 1987.
*664 L.H. Olivier, Lafayette, for defendant-appellant.
Martin & Taulbee, Edward O. Taulbee IV, Lafayette, for plaintiff-appellee.
Before GUIDRY, FORET and YELVERTON, JJ.
FORET, Judge.
Hub Detectives, Inc., a private detective agency, filed this suit against defendant, Robert D. Martinez, for money owed. The trial court rendered judgment in favor of Hub in the amount of $14,558.80, with legal interest thereon from the date of judicial demand, and denied Hub's request for attorney fees. Defendant appealed, and Hub answered the appeal and also appealed, requesting an increase in the amount awarded and appealed the trial court's denial of its demand for attorney fees.
Defendant, on appeal, avers that the trial court erred in failing to find that the contract sued upon was null and void for the reasons that its purpose and intent was contrary to public morals, and further that the trial court erred in the amount awarded. Plaintiff avers that the trial court erred in its failure to grant judgment in its favor for the entire amount sued for, plus a reasonable attorney fee under the provisions of R.S. 9:2781.

FACTS
Sometime prior to February 5, 1981, defendant, Dr. Robert D. Martinez, and his wife, Mardell Martinez, became embroiled in matrimonial difficulties and separated. After separation from Mardell, Dr. Martinez faced alimony pendente lite payments of approximately $3,000 per month. Apparently having received information that his wife was engaged in adulterous relationships, Dr. Martinez, who was at that time represented by attorney James Leonard, subsequently met with another attorney, Robert Shelton, for advice in handling the divorce matter. At Shelton's suggestion that Dr. Martinez employ a detective for surveillance of Mardell, and at the further suggestion that Hub City Detectives, Inc., a corporation owned and operated by Hubert Romero be employed, Dr. Martinez employed the said Hubert Romero on February 5, 1981.
The facts from that point on become very disputed. Romero claims that he advised Dr. Martinez that Hub would charge $30 per hour, plus expenses, and would require a $5,000 retainer for his detective services. Further, that once the $5,000 retainer was exhausted, that there would be additional charges if additional surveillance was required. Dr. Martinez denies that there were to be any additional charges over and above the $5,000. There was no signed agreement as to the hiring, hourly rates, travel charges, meals, etc. On March 21, 1981, Dr. Martinez paid Romero $5,000 in cash. On April 10, 1981, Romero informed defendant that his wife was "nailed down solid." Dr. Martinez testified that at this time he thought everything was done with. However, there is evidence that subsequent to that date, Attorneys Leonard and Shelton consulted, and it was decided that more evidence would be needed to present proof *665 positive of Mardell Martinez's acts of adultery. Dr. Martinez testified that at that time he thought everything was done with. However, plaintiff continued to provide detective services to defendant until May 26, 1981, and again on July 9 through July 14, 1981, during which, on July 11 plaintiff obtained additional evidence of defendant's wife's adultery. The evidence obtained by plaintiff was later used in defendant's successful divorce suit.
Subsequently, beginning in September of 1982, all efforts by plaintiff to collect the amount due it by defendant were unsuccessful, and this lawsuit ensued.

VALIDITY OF THE CONTRACT
Defendant contends that the contract entered into between him and plaintiff is void and unenforceable because it is against public policy and is contra bonos mores. His contention is that the court should not sanction the dissolution of marriages by honoring contracts with detectives or others to procure evidence of adultery, or presumably other grounds for dissolution of marriages.
Defendant has cited no authority, either statutory or jurisprudential, to support his contentions. It is somewhat ludicrous for defendant, at this point, to challenge the validity of this contract as a means of avoiding payment to the plaintiff. Defendant availed himself of the evidence acquired through the efforts of the plaintiff by utilizing such evidence in the divorce proceedings against his wife, thereby proving fault on her part with the resulting consequence of his being absolved from a potential obligation of paying to her the amount of $3,000 per month, which he had been paying to her as alimony pendente lite prior to the divorce. Without further discussion, we find no merit to defendant's argument about the validity of the contract. Our courts have long recognized the use of detectives' testimony in proving adultery in divorce proceedings. Cf. Hermes v. Hermes, 287 So.2d 789 (La. 1973); Schmidt v. Schmidt, 393 So.2d 381 (La.App. 1 Cir.1980).
In this same connection, defendant urges that the detective agency, upon discovering that a certain Doctor R[1] was engaged in an adulterous relationship with Mrs. Martinez, threatened Dr. R with exposure if he did not consent to commit further acts of adultery with Mrs. Martinez. Defendant here infers the luridness of plaintiff's efforts and further urges that the court should not sanction such arranged liaisons by enforcing this contract of employment. However, in our opinion, this is further evidence of Mrs. Martinez's adulterous acts, and the fact that subsequent adulterous acts may have been pre-arranged, assuming arguendo that they were, that Mrs. Martinez is nevertheless still guilty of adultery. Again, we find no merit to defendant's contention in this regard.

AMOUNT OF AWARD
Defendant contends the trial court erred in awarding any amount beyond the original $5,000 for the reason that plaintiff failed to prove the oral contract by "at least one credible witness," citing C.C. art. 2277 (now art. 1846). Defendant acknowledges that a litigant may qualify as the "one credible witness," but argues that Romero (the one witness) had poor memory and that therefore his testimony should not have been considered. We disagree. We discern no manifest error by the trial court in relying on the testimony of Romero. Introduced into the record are voluminous reports compiled by Romero and/or his associates in connection with their surveillance of Mrs. Martinez. There is ample evidence in the record to prove the extensive amount of surveillance and incidental chores done by the plaintiff. The trial court found ample corroborating evidence in addition to the testimony of Romero.
While the record is not completely illuminating on just how much additional compensation, above the $5,000, that Romero was entitled to, it is obvious that it is considerable. We cannot say that the trial court was clearly wrong in arriving at its *666 award for additional compensation for work done, expenses, travel, etc. Accordingly, the demands of defendant to reduce the amount awarded, as well as the demand of plaintiff to increase the award are both denied. The judgment of the trial court will be affirmed in that regard.

ATTORNEY FEES
Plaintiff claims that the trial court erred in failing to award attorney fees in accordance with R.S. 9:2781 which provides, in pertinent part, that:
"A. When any person fails to pay an open account within fifteen days after receipt of written demand therefor, correctly setting forth the amount owed... that person shall be liable to the claimant for reasonable attorney fees for the prosecution and collection of such claim when judgment on the claim is rendered in favor of the claimant." (Emphasis provided.)
The issue is raised by the defendant whether this is an "open account" as envisioned by the statute. Plaintiff, of course, argues that it is an open account. However, we need not reach that issue. Attorney fee statutes are construed strictly because an award of attorney fees is exceptional and penal in nature. Frank L. Beier Radio, Inc. v. Black Gold Marine, Inc., 449 So.2d 1014 (La.1984). To be awarded attorney fees in an action on open account, the claimant must strictly comply with the statute; the amount demanded must be the correct amount. Cook v. O'Pry, 448 So.2d 891 (La.App. 3 Cir.1984). Where claimant's demand letter and suit did not include the correct amount owed as eventually determined by the court, the claimant is not entitled to attorney fees. Cook v. O'Pry, supra; Irwin Brown Co. v. Mortons's Auction Exchange, Inc., 446 So.2d 403 (La. App. 4 Cir.1984); Ferd. Marks-Smither and Co., Ltd. v. Home Furnishing Store, Inc., 430 So.2d 239 (La.App. 4 Cir.1983); Scarborough v. Nelson, 371 So.2d 1261 (La.App. 3 Cir.1979). Therefore, inasmuch as the plaintiff made his demand for an amount in excess of that found to be due by the trial court, as affirmed by this Court, the plaintiff is not entitled to attorney's fees.
The judgment of the trial court is affirmed. Costs of this appeal are taxed one-half to plaintiff and one-half to defendant.
AFFIRMED.
NOTES
[1] We see no necessity to name this co-respondent.