626 So.2d 531 (1993)
Patrick A. LEWIS, Plaintiff-Appellee,
v.
MALONE & HYDE, INC., Defendant-Appellant.
No. 93-254.
Court of Appeal of Louisiana, Third Circuit.
November 3, 1993.
*532 Bret Christopher Beyer, Lafayette, for Malone & Hyde.
Christopher Richard Philipp, Lafayette, for Patrick A. Lewis.
Before DOMENGEAUX, C.J., and LABORDE and COOKS, JJ.
LABORDE, Judge.
In this workers compensation matter, appellant Malone & Hyde, Inc. suspensively appeals the judgment of temporary total benefits, penalties and attorneys fees awarded appellee-employee Patrick A. Lewis for the period after he left his sheltered employment in substantial pain at the invitation of his supervisor. Noting that workers are now ineligible for temporary total benefits under the "working in pain" doctrine, we reverse part of the hearing officer's award of temporary total disability, but finding that the disabled employee has shown that he was prevented by substantial pain from performing the only sheltered employment he was offered, we nonetheless affirm the monetary level he was awarded by the hearing officer.

FACTS
Plaintiff, Patrick A. Lewis, employed by defendant Malone & Hyde, Inc., injured his back lifting a box at work as an order selector on August 12, 1990. Except for the first week following his May 22, 1991 injury, when he received compensation only for accumulated sick time, Mr. Lewis was paid workers compensation benefits.
On March 26, 1992, this case was tried before a hearing officer who, on October 9, 1992, rendered judgment finding plaintiff eligible for temporary total disability benefits for the first week of claimed disability, in addition to the periods of May 22, 1991 through January 27, 1992, and February 27, 1992 prospectively. Although Malone & Hyde was additionally assessed a $250 fine for failing to provide medical reports, as well as penalties and attorneys fees, our issues principally emanate from the question of what compensation plaintiff was entitled to during these three periods.

ASSIGNMENT OF ERROR NUMBER ONE
Employer Malone & Hyde's first assigned error concerns plaintiff's first week of disability, during which Mr. Lewis received the equivalent of his regular pay as "sick leave."
*533 No workers compensation is owed for the first week after an employee's on-the-job injury unless the disability continues for six weeks or longer after the date of the accident, in which case compensation for the first week shall be paid after the first six weeks have elapsed. LSA-R.S. 23:1224.
In its Pre-Trial Memorandum, Malone & Hyde, Inc. admitted that plaintiff was not adequately compensated for his first week of disability, but now on appeal relies on LSA-R.S. 23:1225C to assert that the hearing officer erred in finding Mr. Lewis entitled to benefits beyond the "sick leave" payments he received for his first week of disability. The company also contests the penalties and attorneys fees awarded by the hearing officer. For his part, the claimant believes his employer erred in utilizing his sick leave to pay for its workers compensation obligations.
Resolution of the question turns on LSA-R.S. 23:1225C, which provides:
C. (1) If an employee receives remuneration from:
(a) Benefits under the Louisiana Worker's Compensation Law.
(b) Old-age insurance benefits received under Title II of the Social Security Act to the extent not funded by the employee.
(c) Benefits under disability benefit plans in the proportion funded by an employer.
(d) Any other worker's compensation benefits,
then compensation benefits under this Chapter shall be reduced, unless there is an agreement to the contrary between the employee and the employer liable for payment of the worker's compensation benefit, so that the aggregate remuneration from subparagraphs (a) through (d) of this Subsection shall not exceed sixty-six and two-thirds percent of his average weekly wage.
In LSA-R.S. 23:1225C the legislature authorized a credit for the employer against its workers compensation obligation when the employee receives enumerated benefits. Benefits enumerated under the provision may be offset, but benefits that are not enumerated may not be. Cousins v. City of New Orleans, 608 So.2d 978, 980 (La.1992).
Because sick leave benefits are not among the enumerated benefits to which an employer is entitled an offset under LSA-R.S. 23:1225 and neither we nor the hearing officer were able to conclude that the employee bargained away the sick leave benefits he earned before he was injured on the job, we affirm the hearing officer's award to Mr. Lewis of benefits for his initial week of disability. LSA-R.S. 23:1225C; Cousins, supra. Cf. Fontenot v. Schlumberger Well Service, 503 So.2d 1109, 1115-6 (La.App. 3d Cir.1987) ("Salary Continuation Plan" benefits offering disabled workers larger, longer-running benefits than required by law entitled employer to offset under LSA-R.S. 23:1225C(1)(c)).
"The Section 1225C credit constitutes a restriction on an injured employee's right to workers compensation benefits and must be strictly construed." Cousins, supra, at 981. Ordinarily, sick leave is accrued as compensation to provide for infirmities unrelated to employment and it would seem inequitable to permit an employer to require an employee hurt on the job to sacrifice his accrued sick leave in order that his employer might save its statutorily mandated workers compensation obligations.
In view of the clear public policy pronouncement predating its expression in Cousins, supra, we likewise affirm the hearing officer's award of penalties and attorney's fees for defendant's failure to pay compensation for the first week.

ASSIGNMENT OF ERROR NUMBER TWO
Malone and Hyde, Inc. next argues that the hearing officer erred in awarding Mr. Lewis temporary total disability benefits at the rate of $249.58 per week from May 22, 1991, the first date Mr. Lewis saw Dr. Franklin and date the employer reduced his benefits, through January 27, 1992, the date of his last visit with Dr. Franklin. The employer contends that during this period Mr. Lewis was physically able to continue Malone and Hyde's modified duty program and was thus entitled to no more than Supplemental Earnings Benefits.
*534 La.R.S. 23:1221(1) defines Temporary Total Benefits as:
(1) Temporary total.
(a) For any injury producing temporary total disability of an employee to engage in any self-employment or occupation for wages, whether or not the same or a similar occupation as that in which the employee was customarily engaged when injured, and whether or not an occupation for which the employee at the time of injury was particularly fitted by reason of education, training, or experience, sixty-six and two-thirds percent of wages during the period of such disability.
(b) For purposes of Subparagraph (1)(a) of this Paragraph, compensation for temporary disability shall not be awarded if the employee is engaged in any employment or self-employment regardless of the nature or character of the employment or self-employment including but not limited to any and all odd-lot employment, sheltered employment, or employment while working in any pain.
(c) For purposes of Subparagraph (1)(a) of this Paragraph, whenever the employee is not engaged in any employment or self-employment as described in Subparagraph (1)(b) of this Paragraph, compensation for temporary total disability shall be awarded only if the employee proves by clear and convincing evidence, unaided by any presumption of disability, that the employee is physically unable to engage in any employment or self-employment, regardless of the nature or character of the employment or self-employment, including but not limited to any and all odd-lot employment, sheltered employment, or employment while working in any pain, notwithstanding the location or availability of any such employment or self-employment.
(d) An award of benefits based on temporary total disability shall cease when the physical condition of the employee has resolved itself to the point that a reasonably reliable determination of the extent of disability of the employee may be made, and the employee's physical condition has improved to the point that continued, regular treatment by a physician is not required, or six months after the injury, whichever first occurs. If the claimant contends that his disability is of a temporary nature, but extends beyond this six-month period, he must submit a claim for extension of the period of temporary total disability under R.S. 23:1310.3.
La.R.S. 23:1221(3), concerning Supplemental Earnings Benefits, states:
(c)(i) Notwithstanding the provisions of Subparagraph (b) of this Paragraph, for purposes of Subparagraph (a) of this Paragraph, if the employee is not engaged in any employment or self-employment, as described in Subparagraph (b) of this Paragraph, or is earning wages less than the employee is able to earn, the amount determined to be the wages the employee is able to earn in any month shall in no case be less than the sum the employee would have earned in any employment or self-employment, as described in Subparagraph (b) of this Paragraph, which he was physically able to perform, and (1) which he was offered or tendered by the employer or any other employer, or (2) which is proven available to the employee in the employee's or employer's community or reasonable geographic region.
(ii) For purposes of Subsubparagraph (i) of this Subparagraph, if the employee establishes by clear and convincing evidence, unaided by any presumption of disability, that solely as a consequence of substantial pain, the employee cannot perform employment offered, tendered, or otherwise proven to be available to him, the employee shall be deemed incapable of performing such employment.
Whether a claimant's pain is substantial enough to be disabling is a question of fact that must be determined according to the circumstances of each individual case, Rosella v. Dede's Wholesale Florist, 607 So.2d 1055, 1062 (La.App. 3d Cir.1992), and the manifest error standard is applicable even when the evidence determined by the trier of fact consists solely of written reports, records, and depositions; we are not authorized to reassess the credibility of witnesses or reweigh medical evidence upon appellate review unless the usual factfinder's conclusions *535 as to them are clearly wrong. Virgil v. American Guarantee and Liability Ins. Co., 507 So.2d 825 (La.1987).
Upon our careful review of the evidence before the hearing officer, we find no clear error in her finding plaintiff entitled to temporary total disability for May 22, 1991 through January 27, 1992. Plaintiff testified under oath that he was unable to work during this period due to the great pain he experienced from the injuries sustained on the job the previous year. His testimony was buttressed by his history, that is, his inability to keep working in the face of the great pains. His inability to continue working was recognized by his work supervisor and, in light of the evidence adduced, it is not for us to second guess the hearing officer's finding, based upon a treating physician's medical reports, that plaintiff was not able to work in any capacity.
Defendant maintains that its company doctors' finding plaintiff capable of performing light duty work, coupled with its initial inability to find any objective symptoms of plaintiff's disability, should prevail notwithstanding the contrary findings of plaintiff's treating physician. Dr. Robert Franklin, a specialist in physical medicine and rehabilitation, expressly testified that he initially determined that plaintiff could not be released to do any work on May 22 based on plaintiff's subjective symptoms.
Our review of the record leads us to the conclusion reached by the hearing officer. Our holding as to this time frame would be no different even if we had not. Ordinarily, a determination that a plaintiff is temporarily totally disabled is not to be disturbed on appeal if it is based upon reasonable evaluations of credibility and there is evidence before the trier of fact which furnishes a reasonable factual basis for such a finding. Landry v. Central Industries, Inc., 592 So.2d 478, 480 (La.App. 3d Cir.1991), writ denied, 593 So.2d 381 (La.1992), citing Sinegal v. Louisiana Blasters, Inc., 546 So.2d 308 (La. App. 3d Cir.1989).
[T]he finding of disability within the framework of the worker's compensation law is a legal rather than purely a medical determination. It is the totality of the evidence, both medical and lay testimony, which must be examined by the trial court in making its determination on the question of disability and it is the function of the court to assess the weight to be accorded such testimony. The opinion of a physician or other medical expert does not necessarily determine a legal disability and the court may accept or reject the opinion expressed by a medical expert depending upon what impression the qualifications, credibility and testimony of that expert makes upon the court. However, as a general rule, the testimony of a treating physician should be given more weight than that of a physician who examined a claimant for diagnostic purposes. The positive findings of medical expert are to be afforded greater weight than the negative findings as to the existence or not of a particular condition. Green v. Jackson Rapid Delivery Service, 506 So.2d 1345 (La.App. 2d Cir.1987).
DeGruy v. Pala, Inc., 525 So.2d 1124, 1133 (La.App. 1st Cir.), writ denied, 530 So.2d 568 (La.1988).
The prudence of the DeGruy rubric is manifested by the facts which attend the instant dispute. Company doctors Ray Boyer, John Schutte and Clifton Shepherd saw plaintiff only seven times by our count, and then infrequently, yet determined from plaintiff's subjective symptoms during these short encounters that plaintiff was able to return to work. Their findings were contested not only by plaintiff and by his immediate supervisor, who advised plaintiff to leave work to obtain medical advice. Additionally, treating physician Dr. Robert Franklin concluded from his more frequent observations of his patient that plaintiff's subjective symptoms did prevent his return to work prior to his January 27, 1992 discharge.
Applying the proper standard on review, we find no clear error in the hearing officer's finding plaintiff temporarily totally disabled prior to January 27, 1992. Therefore, we affirm the hearing officer's award of workers compensation benefits for the period of May 22, 1991 through January 27, 1992.

*536 ASSIGNMENT OF ERROR NUMBER THREE
Malone and Hyde alleges the trial court erred in awarding temporary total benefits after February 27, 1992, based on Dr. Blanda's recommendation of elective lower back surgery. We agree with Malone & Hyde. All of the medical experts agreed that Mr. Lewis was capable of light duty employment after February 27, 1992, at least until he elected, if ever, to have back surgery; the only objections noted for this period called into question the particular work duty to which plaintiff was assigned following his accident.
La.R.S. 23:1221(1)(c) requires that the employee prove by clear and convincing evidence that the employee is physically unable to engage in any employment or self-employment, regardless of whether the employment calls for working in pain. Mr. Lewis was not entitled to temporary total disability for this period, as he did not show by clear and convincing evidence that he was physically unable to perform in any capacity, only that he could not perform the specific position he was offered by his employer, and every one of the physicians who attended or diagnosed Mr. Lewis concluded that he was capable of working, albeit in a light duty capacity, during this period. Under the circumstances, Mr. Lewis failed to carry his burden of proving by clear and convincing evidence that he was unable physically to engage in any employment or self-employment. Should Mr. Lewis elect to have back surgery, he could well become entitled to temporary total benefits while recovering from the operation; until then, however, under the facts presented, he was entitled only to SEB.
Nonetheless, his benefits are not to be reduced from those the hearing officer awarded for this period. Mr. Lewis testified that the job he performed in Malone and Hyde's modified duty program, "cutting bills," hurt his back to the point that he could not continue in that assignment. Mr. Lewis refuted his employer's contention to the contrary when he stated that he could not take the frequent breaks his back pains and medical advice required. This testimony was corroborated by another employee who performed the same tasks in the modified duty program after sustaining a similar back injury. Finally, Lewis's continuing complaints of pain and resulting absences from work prompted his supervisor to suggest that he discontinue the modified duty program offered by his employer to seek further medical treatment.
Employers are usually entitled to reduce their SEB payments to their employees by the amounts they are able to earn, and it could be that such an offset would be permissible had plaintiff's employer accepted his offer of operating forklifts instead of "cutting bills," thus minimizing his otherwise disabling pains, but it chose not to do so. In light of his testimony and that of his supervisor, Mr. Lewis showed at a minimum that he was unable due to pain to perform the only sheltered employment tendered by his employer.
Even though an employee capable of working, even while in pain, is not entitled to temporary total disability, the individual's compensation is not to be reduced if it is shown that the employment offered, tendered or shown to be available under LSA-R.S. 23:1221(3)(c)(i) cannot be performed as a consequence of the substantial pain occasioned by its performance. LSA-R.S. 23:1221(3)(c)(ii). The employer bears the burden of proving the availability of such employment. Romero v. Grey Wolf Drilling Co., 594 So.2d 1008, 1013 (La.App. 3d Cir. 1992).
Since no other positions were shown to be available to the injured worker that he was capable of performing, we conclude that he was eligible for monetary awards under SEB identical to those he would have received under TTB. Therefore, the trial court's award of temporary total benefits after February 27, 1992 is amended to SEB status, but the sums to which claimant is entitled are affirmed.

ASSIGNMENT OF ERROR NUMBER FOUR
Malone and Hyde maintains the hearing officer erred in awarding penalties and $1,500.00 in attorney's fees. Plaintiff counters that he is entitled to additional fees and *537 penalties to make him whole for the proceedings below and for the instant appeal.
Malone & Hyde's refusal to compensate its employee for his first week of disability was arbitrary and capricious in light of the philosophy underlying Cousins, entitling plaintiff to attorneys fees for this period of his disability; but its subsequent reduction, largely based upon competent medical evidence, was not. See Motton v. Raymond International Builders, Inc., 561 So.2d 946 (La.App. 4th Cir.), writ denied, 566 So.2d 985 (La.1990).
The hearing officer also taxed defendant with penalties. Thus, we ask: Did the employer have sufficient factual and medical information to reasonably counter the factual and medical information presented by the claimant? Chelette v. American Guarantee and Liability Insurance, Inc., 480 So.2d 363 (La.App.3d Cir.1985).
As to the first week of compensation, the answer is clearly no. Defendant paid plaintiff temporary total disability benefits for his disability commencing in the second week post-injury and simply failed to make plaintiff whole for his first week at the lapse of six weeks pursuant to LSA-R.S. 23:1224. Therefore, penalties and fees are due through appeal for plaintiff's claims for this period. The other two periods, however, present closer issues which lead us to reverse that portion of the hearing officer's judgment awarding penalties beyond those tacked to the temporary total disability benefits for the first week of his disability. See Breaux v. Travelers Ins. Co., 526 So.2d 284, 291 (La. App. 3d Cir.1988).
It is well settled that the worker's compensation act, being remedial in nature, is to be liberally construed in favor of the injured employee to effectuate the humane policies it reflects, Breaux, supra, at 290. However, the statutes imposing liability for penalties and attorney's fees are penal in nature, so they must be strictly construed to prevent employers from being penalized for taking close factual questions to court, or overly reluctant to rely in good faith on valid defenses. Landry v. Central Industries, Inc., supra, at 481-482 (La.App. 3d Cir.1991), writ denied, 593 So.2d 381 (La.1992).
The evidence shows that the employer in this proceeding relied upon credible information when it reduced plaintiff's benefits for the latter two periods in controversy. As to the first, May 22, through January 27, 1992, most of the medical information then available to it indicated plaintiff was capable of performing light duty work. As to the second, that following February 27, 1992, all of the medical information available, including the reports of each of plaintiff's physicians, led to the same appreciation of plaintiff's condition.
Contrary to the hearing officer's determination, penalties and attorney's fees are not available for the entire litigation. The hearing officer granted attorney's fees to make plaintiff whole for all of the relief she granted, including those items we reverse today and those for which defendant did not arbitrarily and capriciously refuse to pay. At the same time, plaintiff should not be penalized for the work expended in preparing his appeal as to the first week post accident. Therefore, we affirm the judgment of the trial court awarding attorney's fees of $1500 plus penalties on the sums owed plaintiff through the first week of his disability, amending the reasons therefor to include the prosecution and appeal of plaintiff's benefits for the first week of his disability, but reverse the penalties and attorney's fees imposed beyond the first week of Mr. Lewis' disability.

DECREE
For the reasons assigned above, the judgment of the trial court is affirmed in part, reversed in part, and rendered. We affirm the hearing officer's finding plaintiff entitled to temporary total disability for the first week following his injury and for the period of May 22, 1991 through January 27, 1992, amend the nature of the benefits from February 27, 1992 to SEB status without affecting the sums awarded, and reverse the statutory penalties and attorneys fee's assessed beyond the sums awarded plaintiff for the first week of his disability, retaining the $1500 award for attorney's fees to make plaintiff whole through appeal as to the portion of the decision we affirm on appeal. *538 Costs of this appeal are assessed against defendant-appellant.
AFFIRMED IN PART, REVERSED IN PART, AND RENDERED.
DOMENGEAUX, C.J., concurs.