640 So.2d 509 (1994)
Mark BROUSSARD, et al., Plaintiffs-Appellees,
v.
Ken GUILBEAUX, et al., Defendants-Appellants.
No. 93-1353.
Court of Appeal of Louisiana, Third Circuit.
May 4, 1994.
*510 Ian Alexander MacDonald, Lafayette, for Mark Broussard et al.
Owen Murrah Goudelocke, Lafayette, for Ken Guilbeaux et al.
Before LABORDE, KNOLL and WOODARD, JJ.
LABORDE, Judge.
Defendants, owners of a restaurant and nightclub, appeal a judgment rendered against them in a breach of contract claim. Plaintiffs (d/b/a Sound Productions), who provided disc jockey services for defendants' premises, allege that they were owed money under their agreement after the business relationship was terminated. For the reasons that follow, we affirm the decision of the trial court.

FACTS
On August 28, 1991, plaintiffs, Mark Broussard and Stephen Darbonne d/b/a Sound Productions, Inc. entered into a written Disc Jockey Service Contract with defendants, Ken Guilbeaux and Universal Tie, Inc., d/b/a The Landing Restaurant (restaurant) and Gentry's (nightclub). Under the terms of this contract, plaintiffs agreed to provide disc jockey services to defendants; defendants were to pay plaintiffs $100.00 per night plus 5% of all gross beverage sales from the bar during the hours performed.
*511 On January 28, 1992, plaintiffs sent defendant Guilbeaux a letter demanding the outstanding balance: 16 nights of base pay at $100.00 per night, and 31 nights of commission at 5% of the drink sales. Defendants refused payment, prompting plaintiffs to file suit in open account under LSA-R.S. 9:2781.
The trial court rendered judgment in favor of plaintiffs, granting an award of $1600.00 for the base pay (16 nights at $100 per night) and $750.00 for the 5% beverage commission (30 days at $25.00). Plaintiffs also received attorneys fees of $5,353.25. Finding that defendants did not keep accurate records of liquor sales, the trial court calculated the 5% commission by estimating the liquor sales at $500.00 per day based on a total daily sales figure of $2000.00.
Defendants appeal, presenting three issues for review:
1. Was there sufficient evidence for the trial court to determine that plaintiffs were entitled to $1600 base pay?
2. Did the contract between the parties form the basis for an open account?
3. Did Sound Productions strictly comply with the requisites of LSA-R.S. 9:2781?

LAW

I. Base Pay
Defendants claim that the trial court erred in awarding plaintiffs $1600.00 in base pay, alleging there is no support for such a finding in the record. Only issues that have been submitted to the trial court and raised in specifications or assignments of error ordinarily will be considered on appeal. LeBlanc v. LeBlanc, 600 So.2d 160 (La.App. 3 Cir. 1992).
At trial, plaintiffs Mark Broussard and Steve Darbonne testified that they worked the nights in question and did not receive payment. When defendants attempted to elicit testimony that they paid plaintiffs this base pay, plaintiffs objected, contending that defendants had not pleaded the affirmative defense of extinguishment of the obligation as required by LSA-C.C.P. Art. 1005. The trial court sustained plaintiffs' objection and did not permit defendants to expand the pleadings to include this testimony.
The record shows that trial judge believed the testimony of plaintiffs that they had not been paid for the nights in question. The trial court is the finder of fact and has discretion to accept or reject the testimony of any witness. Rosell v. ESCO, 549 So.2d 840 (La.1989). We find no manifest error in his ruling. Therefore, we affirm.

II. Open Account
Defendants next claim that even if they had not paid plaintiffs, no open account of the type for which attorneys fees may be awarded existed between the parties. R.S. 9:2781 states in pertinent part:
§ 2781. Open accounts; attorney fees; professional fees; open account owed to the state
A. When any person fails to pay an open account within fifteen days after receipt of written demand therefor correctly setting forth the amount owed, that person shall be liable to the claimant for reasonable attorney fees for the prosecution and collection of such claim when judgment on the claim is rendered in favor of the claimant. If the claimant and his attorney have expressly agreed that the debtor shall be liable for the claimant's attorney fees in a fixed or determinable amount, the claimant is entitled to that amount when judgment on the claim is rendered in favor of the claimant. Evidence of receipt of written demand by the spouse of the debtor, when they are living together as husband and wife, on behalf of the debtor may be introduced as evidence of written demand on the debtor.
C. For the purposes of this Section and Code of Civil Procedure Articles 1702 and 49161, "open account" includes any account for which a part or all of the balance is past due, whether or not the account reflects one or more transactions and whether or not at the time of contracting the parties expected future transactions. "Open account" shall include debts incurred for professional services, including, but not limited to, legal and medical services. For the purposes of this Section only, *512 attorney fees shall be paid on open accounts owed to the state.
Several factors are considered to establish whether an open account exists. These include the following:
1. Whether there were other business transactions between the parties;
2. Whether a line of credit was extended by one party to the other;
3. Whether there are running or current dealings; and
4. Whether there are expectations of other dealings.
Herb's Mach. Shop, Inc. v. John Mecom Co., 426 So.2d 762, 765 (La.App.3 Cir.), writ denied, 430 So.2d 98 (La.1983). Whether goods are sold on open account is a factual determination to be made by the trial court. Sandoz v. Dolphin Services, Inc., 555 So.2d 996 (La.App. 1 Cir.1989).
In proving an open account, plaintiff first must prove the account by showing that the record of the account was kept in the course of business and by introducing supporting testimony regarding its accuracy. Once a prima facie case has been established by a plaintiff-creditor, the burden shifts to the debtor to prove the inaccuracy of the account or to prove that the debtor is entitled to certain credits. General Elec. Co. v. La. Elec. Supply, 460 So.2d 34 (La.App. 1st Cir.1984). The amount of an account is a question of fact which may not be disturbed absent manifest error. Cole Oil & Tire Co., Inc. v. Davis, 567 So.2d 122 (La.App. 2d Cir.1990).
Jacobs Chiropractic Clinic v. Holloway, 589 So.2d 31, 34 (La.App. 1 Cir.1991).
We find that an open account did exist here, as there was a continuing business relationship between the parties for which defendants were billed on a bi-weekly basis, according to their contract. Further, plaintiffs have satisfied their burden of proof by introducing their business records and supporting such records with uncontradicted evidence that they worked on the nights in question.

III. Attorneys Fees
In their final argument, defendants claim that plaintiffs were undeserving of attorney fees because their demand letter and suit failed to specify the precise amount of commissions owed under the contract. Attorney fee statutes such as R.S. 9:2781, penal in nature, are strictly construed. Hub Detectives, Inc. v. Martinez, 515 So.2d 663 (La. App. 3 Cir.1987). Usually, to collect attorneys fees, the correct amount must be demanded. Id.; Tolmas v. Weichert, 616 So.2d 244 (La.App. 4 Cir.), writ denied, 620 So.2d 878 (La.1993).
In their demand letter, plaintiffs itemized the days on which services were performed and payment was not received, and requested payment for $1,600 in base pay (16 days at $100) plus 5% commissions for thirty-one days. Plaintiffs were unable to specify the dollar amount owed on commissions because they did not have access to the daily beverage sales figures from the bar as the information on the sales figures was in the sole possession of defendants. The cash register tape that defendants provided plaintiffs in response to discovery did not differentiate beverage sales at the bar from beverage sales in the restaurant; as stated in the contract, plaintiffs received a commission on the former but not the latter. The trial court essentially agreed with plaintiffs, stating in its reasons for judgment that the lack of records concerning the amount of commissions to be paid was the fault of defendants.
The amount of an account is a question of fact which may not be disturbed absent manifest error. Jacobs Chiropractic Clinic, supra at 34; Bellard v. H. Brown Mach. Shop, 540 So.2d 1249 (La.App. 3 Cir.), writ denied, 544 So.2d 406 (La.1989). We find that plaintiffs were entitled to attorneys fees. The data necessary to calculate the commissions with specificity remained in possession of defendants. Plaintiffs provided all of the information necessary for defendants to determine the amount due. Defendants (and only defendants) could have then calculated the amount owed. As an ascertainable demand was made of defendants, we find no error in the trial court awarding attorneys fees under the statute. We must strictly *513 construe penal statutes, not ignore them. Defendant's refusal to calculate and pay the percentage commissions owed plaintiffs will not be rewarded where, as here, defendant knew that this figure could only be ascertained by them.
This case stands in stark contrast to those in which the creditor had the means to ascertain or state the sums owed, yet failed to do so. For example, in City of Bossier City v. Sims, 486 So.2d 1122 (La.App. 2 Cir.1986), the court refused to award attorneys fees as a penalty, because the plaintiff had the resources to correctly calculate and demand the amount owed by defendants, but failed to do so. Similarly, in Hub Detectives, Inc. v. Martinez, supra, the court refused attorneys fees where claimant's demand exceeded the amount found to be due by the trial court.
In the present case, plaintiffs correctly billed the defendants with all of the information made available to them. They could do no more. Their demand letter sought 5% commission on the nights that they worked. They were unable to calculate this figure exactly because they did not have the daily beverage sales figures. They were entitled to assume that defendants would not have extended a percentage contract without being able to calculate the figure to be paid. Therefore, unlike the plaintiffs in Sims and Hub Detectives, supra, they are entitled to attorneys fees as they set out the amount owed in the demand letter with as much specificity as possible with the information they possessed at the time.
Finally, in response to plaintiff's answer to appeal requesting attorneys fees for this appeal we will award $850.00.

DECREE
The judgment of the trial court is amended to award plaintiffs, Mark Broussard and Steve Darbonne d/b/a Sound Productions, an additional $850.00 as attorney's fees they have incurred in defending this appeal. In all other respects the judgment is affirmed. Costs of this appeal assessed to defendants-appellants, Ken Guilbeaux and Universal Tie d/b/a The Landing Restaurant and Gentry's.
AFFIRMED AS AMENDED.