771 So.2d 768 (2000)
Winona CROSS and Frank Cross
v.
LAKE AREA REHABILITATION SERVICES, INC. and Robert Beaugh, Individually.
No. 00-00224-CA.
Court of Appeal of Louisiana, Third Circuit.
October 11, 2000.
*769 W. Thomas Barrett, III, Lake Charles, LA, Counsel for Plaintiff-Appellant.
William M. Bass, James P. Doherty, III, Lafayette, LA, Counsel for Defendants-Appellees.
(Court composed of ULYSSES GENE THIBODEAUX, JOHN D. SAUNDERS and MARC T. AMY, Judges).
SAUNDERS, Judge.
Winona Cross (Appellant) alleged Defendant, Robert Beaugh, injured her back during a physical therapy session on May 12, 1997. The trial court judge ruled in favor of the Defendant. We affirm.

FACTS
On April 16, 1997, while employed by Lake Area Medical Center (Lake Area), Appellant fell outside the nursery door at Columbia Women and Children's Hospital. Appellant struck her knee on the stairs outside the nursery, bounced up, and then fell back striking her left knee on the stairs a second time. As a result of that accident, Appellant began treatment with Dr. Lynn Foret, an orthopedic surgeon, who performed an arthoscopy on April 25, 1997.
Appellant began physical therapy at Lake Area on May 6, 1997. Mr. Beaugh, a physical therapist with Lake Area, treated Appellant for her knee injury and back pain. Appellant alleged Mr. Beaugh injured her on May 12, 1997 during a physical therapy session. At the time of the injury, Appellant was sitting cross-legged on the examination table. Appellant claims the injury occurred while Mr. Beaugh stood behind her and performed manipulations on her back. Appellant described her injury as a "feeling of something just being torn apart and just literally ripped apart."
In her deposition, Appellant described the extent of her prior back pain as only "tired pain." Yet, in 1996, a year before the alleged injury by Beaugh, Ladd Allain, a chiropractor, had treated Appellant during more than sixty sessions. Appellant's chiropractic treatment with Dr. Allain included manipulations down Appellant's entire spinal column. During her time in his care, Dr. Allain informed Appellant that degenerative changes were creating her lower back pain. Additionally, at trial, Appellant testified that she had received treatment from Dr. Allain the morning of the alleged injury by Mr. Beaugh.
Despite Appellant's alleged injury of May 12, 1997, she returned to Lake Area seeking additional treatment from Mr. Beaugh on May 13, 1997 and May 14, 1997. On May 15, 1997, Appellant reported experiencing back pain on May 12, 1997 when reaching for her seatbelt after physical therapy to Dr. Foret. Appellant never told Dr. Foret that she had been injured by Mr. Beaugh.

LAW AND ANALYSIS

STANDARD OF REVIEW
The Appellate Court may not set aside a trial court's or jury's finding of fact in the absence of "manifest error" or unless it is "clearly wrong." J.B. Talley & Co., Inc. v. Vilaret Const. Servs., Inc., 98-395, p. 8 (La.App. 3 Cir.10/7/98); 722 So.2d 9, 13, writ denied, 99-0374 (La.3/26/99); 739 So.2d 798. The issue to be resolved by the reviewing court is not whether the trier of fact is right or wrong, but whether the fact finder's conclusion was a reasonable one. Syrie v. Schilhab, 96-1027 (La.5/20/97); 693 So.2d 1173.

*770 ASSIGNMENTS OF ERROR
On appeal, Plaintiff-Appellant seeks reversal of the trial court's decision based on the following three assignments of error:
1. The trial court erred in finding that Plaintiff's credibility had been diminished;
2. The trial court erred in admitting the typewritten statement of the deceased Defendant, Mr. Beaugh, written after he was notified a claim was being made against him;
3. The trial court erred in allowing the testimony of Defendants' physical therapy expert, Fredrick Stoote.
The court will address each of these assignments of error in turn.

PLAINTIFF'S DIMINISHED CREDIBILITY
In her opinion, the trial judge found that the Defendants had successfully attacked the credibility of Plaintiff's testimony. Specifically, the trial judge set forth seven reasons for her finding. The reasons are as follows:
1. A lawsuit regarding a fall at Columbia Women and Children's Hospital, which occurred just prior to the instant incident in which she claimed to have "sustained severe and permanent injuries to her back resulting in physical pain and suffering as well as emotional distress";
2. Her minimization in her deposition of the previous treatment of her back by a chiropractor. Said treatment exceeded 60 sessions of treatment on her low back and neck. Additionally, the chiropractor's pain evaluation of her low back at a time when she "was doing well" is essentially no different since the instant accident, except for the two visits directly before trial;
3. Her chronic mental health problems, which include chronic depression caused by both organic and situational factors which have no relation to the instant lawsuit;
4. Her denial that she resigned from Cal-Cam Hospital due to impending discipline for medication errors where the evidence clearly demonstrates the connexity of the two events;
5. The Plaintiff reported to her orthopedist that her low back pain began as "insidious onset with reaching for seat belt" and gave no account of an unorthodox manipulation (this "insidious onset"version concurs completely with the affidavit of the Defendant, D-6);
6. Plaintiff recounted the same series of events to the Defendant with no mention of therapy causing immediate and excruciating pain. In spite of what she described as [an] excruciating experience with the Defendant, she returned to his facility. Furthermore, as reflected in the progress notes of Kevin Faulk, an associate of Beaugh and former employee of Lake Area Rehabilitation Services, Plaintiff "states that she feels something is wrong (with) her back not related to manipulation";
7. Numerous other minor discrepancies and inconsistencies which, although relevant, are unnecessary to list due to the above listed factors.
Upon review of the record by this court, it is evident that the trial court did not make a manifest error by finding that the Appellant's testimony had diminished credibility. The trial judge is the finder of fact and has discretion to accept or reject the testimony of any witness. Broussard v. Guilbeaux, 93-1353 (La.App. 3 Cir. 5/4/94), 640 So.2d 509. The appellate court is not authorized to reassess credibility of witnesses or reweigh medical evidence upon appellate review unless the fact finder's conclusions are clearly wrong. Lewis v. Malone & Hyde, Inc., 626 So.2d 531 (La.App. 3 Cir.1993). Here the record clearly supports the trial court's finding, and this court has neither the authority nor the desire to reverse its decision.

*771 ADMISSIBILITY OF DEFENDANT'S STATEMENT
Appellant's second assignment of error is that the trial court improperly admitted Mr. Beaugh's written statement into evidence. Appellant objects to the admissibility of the statement because Mr. Beaugh wrote it after he became aware of her claim. Appellant further objects to the admissibility of the statement because Mr. Beaugh did not write it at the time of Appellant's treatment, under oath, or subject to cross-examination. Finally, Appellant asserts that such a written statement made in anticipation of litigation is unreliable, self-serving, hearsay testimony that should have been excluded at trial.
Mr. Beaugh died prior to taking any depositions or live testimony in this litigation. The Appellant and Mr. Beaugh were the only witnesses to the incident. The applicable law controlling the admissibility of a deceased person's statement is Louisiana Code of Evidence Article 804. Article 804 provides an exception to the hearsay rule when the declarant is unavailable. According to Article 804(A):
A. Definition of unavailability. Except as otherwise provided by this Code, a declarant is "unavailable as a witness" when the declarant cannot or will not appear in court and testify to the substance of his statement made outside of court. This includes situations in which the declarant:
(4) Is unable to be present or to testify at the hearing because of death or then existing physical or mental illness, infirmity, or other sufficient cause.
Article 804(B)(6) states the following are not excluded by the hearsay rule if the declarant is unavailable as a witness:
(6) Other exceptions. In a civil case, a statement not specifically covered by any of the foregoing exceptions if the court determines that considering all pertinent circumstances in the particular case the statement is trustworthy, and the proponent of the evidence has adduced or made a reasonable effort to adduce all other admissible evidence to establish the fact to which the proffered statement relates and the proponent of the statement makes known in writing to the adverse party and to the court his intention to offer the statement and the particulars of it, including the name and address of the declarant, sufficiently in advance of the trial or hearing to provide the adverse party with a fair opportunity to prepare to meet it. If, under the circumstances of a particular case, giving of this notice was not practicable or failure to give notice is found by the court to have been excusable, the court may authorize a delayed notice to be given, and in that event the opposing party is entitled to a recess, continuance, or other appropriate relief sufficient to enable him to prepare to meet the evidence.
Clearly, the first requirement of Article 804, that the declarant be unavailable, has been met. Mr. Beaugh was unavailable to testify at trial of the matter because of his death. The second part of the exception provided for under Article 804(B)(6) requires the party offering the statement show three things in order for the statement to be admissible. First, the exception requires that the circumstances of the case show the statement to be trustworthy. Second, the proponent of the statement must have adduced or made a reasonable effort to adduce all other admissible evidence to establish the fact to which the proffered statement relates. Finally, the proponent of the statement must have made known in writing to the adverse party and the court his intention to offer the statement and the particulars of it, including the name and address of the declarant.
The circumstances surrounding the statement show the statement to be trustworthy. At issue in this case is whether Appellant's back pain was caused by the manipulations of Mr. Beaugh during their physical therapy session on May 12, 1997. *772 Mr. Beaugh's statement revealed that Appellant had telephoned Mr. Beaugh on May 13, 1997 and told him that after the treatment she had felt no significant effects. In addition, Mr. Beaugh's statement recalled Appellant saying that, while in her car on the evening following treatment, she had reached across the seat and felt a sudden pain in her low back.
This account comports with the information Appellant provided her treating physician, Dr. Lynn Foret. In his deposition, Dr. Foret testified that Appellant had telephoned him on May 15, 1997, and told him that she had experienced lower back pain on May 12, 1997, while reaching for her seatbelt. Nowhere in Dr. Foret's notes did Dr. Foret mention that Appellant related her back pain to Mr. Beaugh's physical therapy. Dr. Foret's notes did indicate, however, that during the July 15, 1997 visit, Appellant stated she was not any better in her lower back since the fall. Dr. Foret also stated that Appellant never expressed to him that she was hurt by Mr. Beaugh.
At trial, the Defendants produced independent evidence which substantiates the trustworthiness of Mr. Beaugh's statement. Most significantly, the deposition testimony of Dr. Foret and his notes corroborate the statement made by Mr. Beaugh. Therefore, we find that the Defendants satisfactorily proved the trustworthiness of the statement at trial.
Secondly, the Defendants have shown that they adduced or made a reasonable effort to adduce all other admissible evidence to establish the fact to which the proffered statement relates. The Appellant has not referred us to any evidence left unaddressed at trial, and our review of the record does not suggest the absence of any evidence.
Finally, the Defendants made known in writing to the Appellant and to the court their intention to offer the statement. Defendants provided an Exhibit List on May 28, 1999 to the Appellant and the trial court which included the typed statement of Mr. Beaugh. Providing Mr. Beaugh's address with the statement would have been fruitless as he was deceased at the time the statement was made an exhibit. Therefore, we find that the trial court did not commit a manifest error in admitting Mr. Beaugh's typewritten statement.

TESTIMONY OF DEFENDANT'S PHYSICAL THERAPY EXPERT
In Appellant's final assignment of error, she asserts that no specialities exist within the field of physical therapy; therefore, the trial court was obliged to apply a "locality rule" or "community standard" in determining the standard of care required of Mr. Beaugh. Appellant argues the trial court erred in admitting the expert testimony of Fredrick Stoot, a physical therapist who resides and practices in Colorado Springs, Colorado.
Appellant bases her objection on Herpin v. Witherspoon, 95-370 (La.App. 3 Cir. 11/2/95), 664 So.2d 515, in which the this court upheld a trial court's determination that the defendant dentist was a general dentist not a specialist. The court found that because the dentist was a generalist, he should be held to the same standard of care exercised by other dentists licensed to practice in the state of Louisiana and actively practicing in a similar community or locale under similar circumstances.
The instant case is distinguishable from Herpin v. Witherspoon. While it is true that the "local standard" applies to general practitioners, as opposed to the national standard applying to specialists, Fredrick Stoot was properly admitted as an expert. In Herpin, the offered expert had only limited knowledge of the standard of care employed in the community of Southwest Louisiana. Fredrick Stoot's knowledge of the standard of care employed in Southwest Louisiana, however, is much greater. First, Stoot was personally familiar with Mr. Beaugh and his treatment mechanisms because Stoot was Mr. Beaugh's instructor and his supervisor for five months when Mr. Beaugh worked in Colorado. Second, Stoot was present in *773 court and listened to the testimony provided by other experts regarding the standard of care of physical therapists in Southwest Louisiana. Third, Stoot testified that the standard of care testified to by the other experts at trial is no different from the standard of care in Colorado. Finally, Louisiana and Colorado enjoy a reciprocity agreement that allows a physical therapist who is licensed and in good standing in one state to be authorized to practice in the other state upon application. Since Louisiana and Colorado have the same standard of care for physical therapists, an expert in physical therapy from Colorado may testify as to the standard of care in Louisiana. The testimony of Fredrick Stoot was therefore properly admissible.

DECREE
Considering the foregoing discussion, we find that the trial court did not err in finding judgment in favor of the Defendants, Lake Area Rehabilitation Services, Inc. et al. All costs of this proceeding are assigned to the Defendants.
AFFIRMED.
AMY, J. concurs.